This case, of course, has received some notoriety in the news. My client, the petitioner-appellant Spencer Meads, was formerly a journalist for Project Veritas, a very well-known independent investigative news organization founded by James O'Keefe. This arises from an investigation the government commenced into the alleged theft of a diary allegedly belonging to Ashley Biden. The investigation began at some point in 2021. The events at issue all occur in the months leading up to the 2020 presidential election. After search warrants were executed on the homes of my client and two other individuals associated with Project Veritas, petitions were brought in the District Court in the Southern District of New York seeking the intervention of a special master to vet and oversee as the government went through documents and other communications contained on electric devices seized from the petitioner's homes. The special master said about her work, issued her report, detailed objections were made thereto by the petitioners. The District Court adopted the special master's recommendations in whole. The motion before the court currently is a motion to stay the proceedings below in the District Court pending the outcome of this appeal. Now on the appeal, which we've just filed the brief about a week ago, we raise what I've submitted are very the case needs to be remanded back to the District Court for further proceedings and I'll turn to the reasons for that in a moment. But that's the where the case stands now. Shortly from this point on the government's brief will be filed, presumably a reply brief oral argument. So the stay motion seeking a stay in the District Court deals with a matter of I don't believe so, your honor. I would like to check with co-counsel, but I don't believe there's any objection to that, your honor. There's certainly no intention or interest in delaying here. Correct, your honor. That's familiar with the factors as a balancing test. The case is McKen versus Holder. It's cited in all of the motion papers. Essentially a balancing test. On this side you weigh the likelihood of success on the merits along with the chances of irreparable injury if a constitutional violation is... What do you say is irreparable injury? Well the constitutional violation itself, your honor, this case involves the First Amendment reporter's privilege and I just to go right into the merits of the case and why we feel it's strong. The District Court of course was required to do a de novo review. Let me ask you what you think that means. Because if de novo review means a de novo analysis of the law applied and the way that law applies to the facts generally, I understand. But it sounded like in your briefs you're actually arguing that the district court should simply start from scratch and analyze each document itself, which would sort of defeat the purpose of both special masters and frankly magistrate judges. Understood, your honor. I think under the facts of this case and a de novo review, I mean it is what it says in Latin. So it's... But we know from the way the system is set up in the special master rules talk about the need for efficiency. That's why this is done. So did you point out to the district judge of the give or take a thousand documents, right? That you said as to document number 27, as to document 144, and you asked for specific documents to be re-reviewed? Or did you simply... Do you simply believe the district court should start from number one and review them all one by one? Well your honor, Chancellor, at the very least, your honor, I would submit that the district court has the obligation to address specific objections. And so where the petitioners did make specific objections, naming specific document numbers and saying here's why we object, here's what the problem is, in the court below, just as with the appeal, there was a confidential submission with docket numbers and reference there too is going to explain exactly what the objections were. Just let me go straight to the heart of what I think, if not the strongest thing, it's the thing that jumps out most clearly to me. As far as the cloak of confidentiality, our main, one of our arguments, I think the main First Amendment argument is the district court erred in applying the standard for non, excuse me, for non-confidential materials. What's the standard we review that for? Because this is a question of privilege, right? So how do we review a district court's finding on privilege? Well this court reviews questions of law on fact and the question of what standard they applied and whether they applied the correct standard or not is a question of law. So that's a question this court reviews to no folk. You mentioned Varnicky, which is a case which you know talks about whether there are allegations involving criminality in the acquisition of the items in issue and isn't that one of the materials which we point to in the appellate brief actually undercut the entire notion that any of the journalists involved here knew that the had any any reason to believe that the diaries were stolen. And let me just get this out as this is my, the point I wanted to make. There are other confidential sources beyond Harris and Kurlander. The petitioners made that specific objection and it was completely overlooked by the district court. On the and also by the way materials that were seized, communications and documents relating having nothing to do whatsoever with the Ashley Biden investigation dealing with Project Veritas's internal workings, leaving aside the entire attorney-client issue for now just as far as the First Amendment issue. If the if the district court had done what I would submit as a proper de novo review it would have noticed this objection that it's not just Harris and Kurlander there's other individuals and it would have said something about that because that really jumps out. There's other sources to create their own cloak of confidentiality. The district court nonetheless said that nothing is confidential. Everything which is responsive and non-privileged is looked at under the Gonzales standard. I apologize your honor. There were I think in the end the numbers are in our brief it's a there were a number of I believe laptop computers, cell phones. I think in the end of the day there were six devices total that had what the special master found to be responsive materials. Well your honor the court below had jurisdiction to entertain the application even in the in the absence of a... Well your honor it's this is on judgment below. In addition there is a separate issue which we did brief regarding federal civil civil federal. Yes your honor the the the decision below is final. There's nothing left to be done by the district court on those petitions. And finally I'd notice to jurisdiction we did brief an issue as to federal rule of civil procedure 41g. There's there's no underlying case there's been no indictment. The government is is or is not doing its investigation. They we don't know what exactly what they're doing. No indictments have been brought. Why isn't this a pre-indictment rule 41 motion and why wouldn't the DiBella case govern? Your honor I know that we briefed that off the top of my head. I don't have that at my fingertips. Basically in DiBella's Supreme Court held that pre-indictment rule 41 motions involving suppression or effectively suppression are unappealable. Well and so our pre-indictment rule 41 motions for the return of property if they are functionally equivalent to suppress and that's in the standard Rye wall case from the Second Circuit. Why should we find that jurisdiction over this appeal is likely? Well your honor I would submit that it's the First Amendment dimension of it which which renders it different from say a unreasonable search and seizure absent the journalistic context. There's a whole other constitutional violation that's that can't be can't be fixed with suppression rulings or like the the exclusionary rule in a criminal case. Since we're talking about delving into journalists materials that they they gather under a cloak of confidentiality and respectfully although I didn't request any rebuttal time I would be if the opportunity arises to brief that issue or to file a post-argument submission I would welcome that opportunity. All right thank you counsel. Thank you. Mr. Sobelman you have eight minutes. May it please the court my name is Robert Sobelman I represent the United States on this appeal and the district court below. The court should deny the motion for a state pending appeal because Mr. Meads has failed to meet his burden of showing that the circumstances justify an exercise of this court's discretion in that matter. I want to first turn to the jurisdictional argument that was discussed moments ago. This court does lack jurisdiction to hear this appeal. Although the district court's ruling resolved the petitioner's objections the special master's report and the action below it does not constitute a final judgment for the purposes of conferring jurisdiction on this court. If this information had been sought by subpoena instead of by warrant and the motion had been to quash wouldn't that be a final order? It's a different context your honor I haven't researched that separate question but certainly here. But as to these petitioners their interests are complete right the it's yes or no on their interest there's different questions about if they become criminal defendants but their interests as simply the people with the rights in the property aren't their interests concluded at this point? No your honor this situation is not materially distinguishable from the Bella or standard drywall where just as in these searches at issue in those cases the government obtains whether through search warrant or another law enforcement mechanism the property or otherwise of a person. That person wants to litigate it before there is an indictment in the case while the grand jury is still investigating. In those cases the courts found that while the person might be able to litigate in the district court they could not appeal to the circuit until after the grand jury investigation is closed or after they are indicted in the case. And here we're still in that in-between phase and we've been there for two and a half years because the government's not gotten one piece of data from the search warrants that were executed because of this very lengthy and robust process that the district court put in place to go above and beyond in protecting Mr. Meads and his co-petitioners rights. In the Bella which we cite in our opposition at page 17 the Supreme Court held that in the context of a challenge to a search by law enforcement quote the mere circumstance of a pre-indictment motion does not transmute the ensuing evidentiary ruling into an independent proceeding begetting finality even for purposes of appeal ability. So DeBell is a Fourth Amendment case right? That's correct your honor. So I think the argument here is that there is this body of law that says a constitutional violation is in and of itself sort of potentially irreparable harm and here we have a First Amendment question and the First Amendment question arguably is ended, addressed once the disclosure is made right? It's not a the Fourth Amendment we have the exclusionary rule what is and that sort of seems to me the rationale for waiting. What's the later rationale, what's the later remedy for these folks for their First Amendment claim? Your honor this question is answered by this court's decision in County of Erie which we cite in our opposition on page 19. In Erie this court held that even though a motions panel had denied a stay of an order requiring the disclosure of communications later found to be privileged by a merits panel, which of course we don't think is going to happen here, but you know anything is possible we suppose, the appeal was not moot because the privilege can nevertheless be vindicated by preventing the use of the documents during the later proceedings in the matter. And the same apart from being used they'll be disclosed to to the First Amendment says the government can't look at them, that issue will be gone, won't it? Well as an initial matter your honor we think they are wrong on the merits and I can go into the various reasons but I've been taking your honors question if if the if the entire harm is conceived as merely the government's investigative team viewing certain of these documents then that's something the court has to that the court conceived, it doesn't answer the question that's posed to this court now because it's only one of several factors the court has to weigh in deciding. Even if, how is it not irreparable harm? Your honor we think that Erie answers the question and says that there are other ways to remedy the breach of a privilege. But that was dealing with it at trial as was just pointed out there's going to help them. They say what they've got is a right not to have the U.S. government see these papers. Yes your honor and that's a claim that's been rejected. How is that going to be solved at trial? Your honor the government wouldn't be able to use them at trial. Use them but they see them. Yes your honor. The government takes your point. You can send them throughout the entire Department of Justice. Look at these things that these people have done. Well certainly not consistent with our obligations or our practices and that would not happen here or I would suggest in any case that our office. What prevents you from doing that? Your honor I'm not sure I have the policies in front of us but we certainly don't share search warrant returns or grand jury materials throughout the department that would not be consistent with the way in which we litigate and manage our cases. Well maybe not grand jury materials but first we don't even have we don't have an indictment do we? There were two information there was an information filed in connection with this investigation as to two other defendants who pled guilty. Mr. Meads has not been indicted in this case. The government's investigation is ongoing and remains ongoing because we. It might never be indicted. That's absolutely correct your honor. No decision has been made by a grand jury. Officers of the government will have seen material which they claim they are not entitled to see not use but see. That is their claim your honor and again there's been a robust and lengthy process in which the special master, the district court, and the government's filter team all reached the same conclusion and as the response of materials. Well I understand it's been ruled down below now he wants to appeal it. Yes your honor. And you're saying he can't appeal it you said because there's no First Amendment violation. Well it's a little circular of course if there were Yes your honor. Mr. Meads's argument is as I take it there's irreparable harm because our First Amendment rights were violated. Of course no one's found that. The special master, the district court, and the filter team all concluded there was no First Amendment violation and there would be no First Amendment violation. That's what he wants to argue to an appellate court on the merits. Yes your honor and if the merits panel finds that there's jurisdiction. If the appellate is wrong on the merits doesn't tell us why he can't appeal it so that he can get the merits to an appellate court. Your honor I think it's two separate issues. One is whether the merits panel will decide that it has jurisdiction to hear this appeal. We suggest under Dabella and standard drywall it does not. But even if the court, this panel, was not persuaded by our jurisdictional argument on the merits we think for the reasons that the special master and the district court detailed they will lose on the merits as well. Why is losing on the merits an answer to irreparable injury? I don't understand. Your honor there are multiple factors that this panel will weigh under Niken to decide whether a stay is appropriate. And the weightiest one generally is whether there's a likelihood of success in the merits. That's the weightiest? Not the irreparable injury? Your honor, I suppose it's for the court to decide how to weigh those various factors. The government would suggest that because here Mr. Meads's argument is as I take it there's no First Amendment violation and there would be no First Amendment violation. We suggest under Dabella and standard drywall it does not. But even if the court, this panel, was not persuaded by our jurisdictional argument on the merits we think for the reasons that the special master and the district court detailed they will lose on the merits as well. We suggest under Niken's argument there's multiple factors that this panel will weigh under Niken to decide whether a stay is appropriate. And the weightiest one generally is whether there's a likelihood of success Your honor, I suppose it's for the court to decide how to weigh those various factors.   So if Mr. Meads has not made a strong showing that he is likely to succeed on the merits of the appeal, the chance of irreparable injury, you have to have one factor more than others. So if there is a highly unlikely chance of success in the litigation, the potential for the irreparable harm is extraordinarily low. So if there is a highly unlikely chance of success in the litigation, the potential for the irreparable harm is extraordinarily low. When have we ever said that? Your honor, there is a, I'm sorry, when have we said what? I'm not following your honor. That a low showing of success on the merits means that there's little if any irreparable injury. Your honor, I believe both sides cited a case for the proposition that with varying, with weighing the various factors, one can have more of one or less of another factor. Yes, I believe it's SEC versus Daspin. It's cited in our opposition at page 12. I think that Mr. Meads also cited it. And it states, among other things, the degree to which a factor must be present varies with the strength of the others. More of one factor excuses less of the other. But that's different than saying a weaker showing on one factor translates into a weaker showing on another, which is what it sounded like you were arguing, Judge Newman. Correct, Your Honor. Certainly, the court could say, if Mr. Meads were correct, there would be irreparable injury by denying the stay. The court could find that. But my point is, but it's so extraordinarily unlikely that he could succeed on the merits of his appeal because it is meritless that the fact that it could theoretically result in irreparable harm should be discounted. I don't understand that. I understand your point that he's going to lose on the merits. I understand that point. Yes, Your Honor. But the documents will still have been turned over to officials of the U.S. government. And returning them won't do any good. The officials will know what's in them. Yes, Your Honor. That's irreparable, isn't it? It's irreparable, but only if the merits isn't correct. So if the district court got it right. That's irreparable if it can't be repaired. That's what irreparable means. But there's no harm if the ruling below is correct, and it demonstrably was. And so certainly it would be irreparable, but there's no harm. All right. Now, they filed their brief, right? Yes, Your Honor. Your Honor, we can file it on whatever schedule the court wishes to set. We had hoped to receive a ruling on the motion before working out a final schedule. Is 10 days realistic? I mean, you filed extensive papers in the district court making all your points. So you're simply going to tidy them up to be an appellate brief, aren't you? Yeah, Your Honor. Respectfully, Mr. Meads took, I think, 120 days to draft his brief. We certainly would have appreciated him moving on a more expedited schedule. We were hoping that the motion for the stay would be denied timely, and then this would be irrelevant. But if it's granted, would the government consent to an expedited schedule? Perhaps not 10 days, but if it were granted, would the government consent to an expedited schedule? Of course, Your Honor. When was the judgment entered in this case? There's no judgment, but the order that's on appeal was entered in December of 2023. Of 2020? Yes, and the district court denied the stay that Mr. Meads now asks. That's about six months ago. Have you moved to dismiss the appeal for lack of jurisdiction? No, Your Honor. We intended to make that argument in our merits brief. Often, if the government thinks we have no jurisdiction, they come in with a motion to dismiss for lack of jurisdiction. Your Honor, I think it's been done both ways. I've litigated it in the merits brief and prevailed before this court on jurisdictional arguments, but certainly we, I think, could choose either procedural mechanism. One, I think, is arguably more streamlined than the other, but it depends on the circumstances. If we don't go with you here, how long do you need for a responsive brief? Your Honor, may I consult with co-counsel? Sure. Your Honor, the government will consent to any expedited schedule if the court deems reasonable. That's very kind of you. Thank you, counsel. I was also struck that you didn't get to jurisdiction until page 16 of your brief. Is that normally the government's first point when it's about jurisdiction? Your Honor, we were trying to be responsive to the points that Mr. Mead's raised, and to be frank, we think we have a very strong case on the merits here, given that the special master and the district court reached a— Really? So you let his order of issues govern your order of issues? Your Honor, suppose it could have been better drafted, as always, and we'll endeavor to better our practice? Your order, to me, says something about the jurisdictional issue if it doesn't come first. Your Honor, we think it's an appropriate issue to be raised, and that the court should decide it. Certainly, the court may have a different view, but we think, under DiBella and Sander Drywall, there's not— The issue for us isn't whether we have a different view. The issue for us is whether we should let the merits panel decide it. Well, Your Honor, to be clear, we're not asking this court, this panel, to dismiss the appeal. What we're asking this court to do is deny the motion for a stay. Well, if we lack jurisdiction, we lack jurisdiction. Yes. Certainly, if this panel decides that there is no jurisdiction, it would have the discretion to dismiss the appeal altogether. It would have to dismiss the appeal altogether. Absolutely. However, if this panel decided it did not want to reach the issue, but it did think that there was a possibility that that was going to happen before the merits panel, it could take that into account in weighing the various factors of whether a stay is appropriate. That's why we raised it in this brief. Your Honor, if this stay is granted and an expedited schedule is set, and a merits panel gets the entire case, gets the jurisdictional issue, the merits, everything, are you averted by that? Yes, Your Honor. The government's investigation has been stymied for two and a half years. Well, has it? The search warrant is 2021. Not by this appeal. The process took 25 months to get to this point. The question is, is the additional delay of a stay pending an expedited appeal harmful? We can't control the 21 months that happened between the November 2021 searches and December 2023 district court ruling. The question is the incremental delay from now, effectively, to Yes, Your Honor. It adds insult to injury. And we're in a situation where, of course, the court didn't cause the enormous amount of delay that we've experienced, but that's where we are. And the court, we think, needs to take account of that in deciding whether further blockage of the government's investigation is appropriate here. And we think it is not. Further blockage? Yes, Your Honor. Well, you've got a grand jury in panel, right? Yes, Your Honor. And you're still presenting material? Not sure I'm going to comment in a public forum on what we are or are not doing for the grand jury. The opportunity is available to you to present evidence to the grand jury? Yes, Your Honor. Tomorrow and the day after and the day after? Yes, Your Honor. Would a stay of this appeal stop that? No, Your Honor. The grand jury is always available, but we're in a situation where what is usually, we find, the most probative evidence of someone's knowledge, intent, and involvement in crime, which is their personal electronic devices, has been withheld from the government despite a finding of both the special master and the district court and the government's filter team over the past two and a half years that those materials are appropriately, should be in the government's possession. But you have other things to present to the grand jury. Don't disclose them, but you have other things. There are other pieces of evidence that have been gathered in the investigation. The investigation's evidentiary record is not exclusively the items that are outstanding, but the government's investigation is not able to move forward in the way that it should to its conclusion without the items that are at issue in the response of materials. In the way that it should, but it can move forward, perhaps alternatively. Is that it? Your Honor, I suppose it means the definition of moving forward. There are other investigative steps the government has taken, but... So you're not stuck? Your Honor, we essentially are as a practical matter, because the other investigative steps available to the government at this point, two and a half years later, they've been taken. And we now wait. And the statute of limitations approaches, and witnesses' recollections fade, and other evidence that may be out there that we don't know exists yet because we haven't seen this evidence could be dissipating. Are the names of confidential informants in this material? The name of confidential informants? Informants. You mean that the government has used? Are there anybody? Are confidential informants named in these materials? In the materials that the government hasn't seen? Hasn't, yes. Wants to see. Your Honor, the government's investigative team, of which I am a part, has not seen these materials. So I can't speak to their particular contents. We had a filter team view them as part of the special master process and litigate before both the special master and the district court below regarding the specific contents. The government's investigative team can only reference what's in the public record and what's been litigated before the district court on the other side of the wall from the filter team, which is where I am. But I'll point out that to the extent Mr. Meads in his motion papers argues there are other confidential sources referenced in his motion and in his reply he cites no specific document. No specific document that purportedly that appears. Your Honor, I just want to note that we may need the filter team to file a separate merits brief because of the way in which the merits brief was written that it references in some footnotes some of the specific materials and doesn't make sort of broader legal arguments. And so that would need to be accounted for if the court were to set any schedule in this case. Thank you. Thank you. I just had a couple of very quick related questions. You cite County of Erie. What is your home run case if you have one involving a First Amendment claim as here? In other words, that the release of material arguably protected by the First Amendment, I'm not saying that it is, constitutes, does not constitute irreparable harm? Your Honor, this is a very unusual situation. So this is a case of first impression? I'm not saying it's a case of first impression. I think maybe more research would need to be done to come to that conclusion, but it's an unusual situation. It's very rare to have litigation about a search warrant before its execution is completed. It's very rare to have a special master appointed in a situation like this. We could not find a case where there was a motion to stay a type of litigation like this, and so it is unusual, but and certainly Erie is a slightly different context. Some of the documents were subject to a different type of privilege, but we think the principle holds, which is it does not render moot. Now Erie speaks to mootness. I think it also informs whether there's irreparable harm, but they also are separate and distinct issues, potentially. How close are you to the expiration of the statute of limitations? Your Honor, it would be likely next summer. Oh, okay. Not imminent? That's imminent for us. We try to move our investigations next summer. Do you mean the summer of 24 or the summer of 25? No, Your Honor. The summer or fall of 25, we've been investigating this case. That's when the statute would run? In 25? It depends on the exact facts and the one fact that Mr. Mead's counsel stated that's incorrect is he stated, not sure it's material to this point, but just to correct the record, that the investigation was open in 2021, and that's wrong. The investigation was open in 2020 before the election, so this is not some post-election type of initiative. Did the plea deals of Harris and Kurlander, they did that result in turning previously confidential materials into non-confidential materials? Your Honor, we think it's one very important fact that the district court and the special master did determine and did take into account. Certainly the confidential sources, Harris and Kurlander at issue, publicly admitting their role in the crime does, I think, weigh strongly in favor of the district court and the special master's conclusion that the standard for non-confidential materials applies here. But I'll note the special master found, and the district court didn't reach, that the government would meet the confidential standard too, and we agree with that finding by the special master. All right. Thank you, counsel. Thank you. Motion will be taken under advisement.